UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JAMES D. LAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6: 15-33-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| JAILER DANNY CLARK, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff James D. Lawson is an inmate formerly confined at the Leslie County Detention Center. Lawson filed his complaint in this matter on March 2, 2015, alleging that Leslie County Jailer Danny Clark and the Kentucky Department of Corrections ("KDOC") violated his civil rights by failing to provide him with an adequate law library, Kosher meals, monthly visits with a rabbi, and adequate medical care. [R. 1, pp. 2-4] For relief, Lawson sought only transfer to another prison which would adequately provide these services; he did not seek damages. [*Id*. at p. 10.] The Court granted Lawson's motion to proceed *in forma pauperis*. [R. 7]

Following service of process, each of the defendants filed a motion to dismiss the complaint, noting amongst other things that Lawson had been transferred to the Pike County Detention Center, rendering his only requested relief – an injunction – moot. [R. 13-1, pp. 3-4; R. 16-1, p. 2] Lawson has responded by moving to dismiss his complaint, stating that "the recent transfer of Plaintiff result[ed] in access to adequate law library, kosher[] meals, and light duty job allowing meritor[ious] and work good time." [R. 18, p. 1]

Where a plaintiff requests dismissal of his case under circumstances requiring court approval, the court may dismiss the case while imposing terms that are appropriate under the circumstances. Fed. R. Civ. P. 41(a)(2). A dismissal under Rule 41(a)(2) is presumptively one

without prejudice.  A court may not dismiss a case **with** prejudice upon a plaintiff's request for dismissal **without** prejudice unless the court gives the plaintiff prior notice of its intention to do so.  *Michigan Surgery Inv., LLC v. Arman*, 627 F. 3d 572, 575-76 (6th Cir. 2010).  Here, Lawson requests dismissal, but does not indicate whether he wishes it to be with or without prejudice.

The defendants argue – and the plaintiff agrees – that his transfer to the Pike County Detention Center renders his request for a transfer out of the Leslie County Detention Center entirely moot.  [R. 18, p. 1]  *See Colvin v. Caruso*, 605 F. 3d 282, 295-96 (6th Cir. 2010).  Where the plaintiff has admitted facts establishing that his claims should be barred with prejudice, dismissal with prejudice is warranted.  The simplest way to achieve that outcome without unnecessarily requiring notice and a further opportunity to be heard, and the one consistent with the positions of the parties, is to grant the defendants' motions to dismiss, and to deny Lawson's motion to voluntarily dismiss his complaint as moot.

Accordingly, **IT IS ORDERED** that:

1. Kentucky Department of Corrections' Motion to Dismiss [R. 13] is **GRANTED**.

2. Leslie County Jailer Danny Clark's Motion to Dismiss [R. 16] is **GRANTED**.

3. Plaintiff James Lawson's Complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

4. Lawson's "Motion to Dismiss" his complaint [R. 18] is **DENIED AS MOOT**.

5. The Court will enter an appropriate judgment.

6. This matter is **STRICKEN** from the docket.

This 26th day of June, 2015.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge